UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FANG MA, | ) | |
| Room 101, Unit 2, Bldg. 13 | ) | |
| Yard 69, Fanyang Rd., | ) | |
| Fengtai District, Beijing, China 100070 | ) | |
| | ) | Civ. No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| MICHAEL R. POMPEO, Secretary of State | ) | |
| U.S. Department of State | ) | |
| 2201 C St., NW | ) | |
| Washington, DC 20520 | ) | |
| | ) | |
| KENNETH T. CUCCINELLI, Acting Director | ) | |
| U.S. Citizenship and Immigration Services | ) | |
| 20 Massachusetts Avenue, NW | ) | |
| Washington, DC 20529 | ) | COMPLAINT FOR |
| | ) | MANDAMUS AND |
| KEVIN K. MCALEENAN, Acting Secretary | ) | DECLARATORY |
| U.S. Department of Homeland Security | ) | JUDGMENT |
| 3801 Nebraska Ave NW | ) | |
| Washington, DC 20016 | ) | |
| | ) | |
| JIM LEVY, American Consul General | ) | |
| U.S. Consulate General Guangzhou | ) | |
| 43 Hua Jiu Road | ) | |
| Zhujiang New Town | ) | |
| Tianhe District, Guangzhou, China 510623 | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT FOR MANDAMUS AND DECLARATORY JUDGMENT

Plaintiff, FANG MA, through undersigned counsel, complains of the Defendants, MICHAEL R. POMPEO, Secretary of State, U.S. Department of State; KENNETH T. CUCCINELLI, Acting Director, U.S. Citizenship and Immigration Services; KEVIN K. MCALEENAN, Acting Secretary, U.S. Department of Homeland Security; and JIM LEVY, American Counsel General, U.S. Consulate General Guangzhou, as follows:

## I.   PREFATORY STATEMENT

1. This is an action to compel Defendants and those acting under them to take all appropriate action immediately and forthwith to adjudicate Plaintiff's Form DS-260, Immigrant Visa Application without further delay.

2. Plaintiff received approval of her Form I-526 Petition, Immigrant Petition by Alien Entrepreneur on July 1, 2015 and she properly filed a Form DS-260, Immigrant Visa Application with supporting documentation on September 30, 2015. On October 10, 2017, Plaintiff attended a visa interview at Defendant's U.S. Consulate in Guangzhou, China and Plaintiff was notified that she would need to submit additional documentation for administrative processing of her application under the section 221(g) of the Immigration and Nationality Act ("INA"). On October 26, 2017, the Plaintiff submitted additional documentation as requested by the Defendant.

3. Plaintiff has yet to receive a final decision on her pending application. Plaintiff's DS-260, Immigrant Visa Application has been pending more than 20 months since she provided the Defendant with the additional documentation needed for further processing, which is a full year beyond Congress's preferred 180-day adjudication timeline. *See* 8 U.S.C. § 1571 ("It is the sense of Congress that the processing of an immigration benefit application should be completed no later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under section 1184(c) of this title should be processed not later than 30 days after the filing of the petition."). This unexplained delay is egregious and unreasonable, and Plaintiff respectfully requests that this Court compel Defendants to perform their mandatory duty and issue a decision on her long-pending application without further delay.

## II.   JURISDICTION

4. This is a civil action brought pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform their duty), to redress the deprivation of rights, privileges, and immunities secured to Plaintiff, by which statutes, jurisdiction is conferred, to compel Defendants to perform a duty that Defendants owe to Plaintiff. Jurisdiction is further conferred

by 5 U.S.C. §§ 555(b) and 704, the Administrative Procedures Act ("APA").

5. Under 28 U.S.C. § 1363, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

6. The Code of Federal Regulations makes it clear that the Defendants have a mandatory and affirmative duty to adjudicate a properly filed DS-260, Immigrant Visa Application. *See* 22 C.F.R. § 42.81(a). ("When a visa application has been properly completed and executed before a consular officer in accordance with the provisions of INA and the implementing regulations, the consular officer must either issue or refuse the visa under INA 212(a) or INA 221(g) or other applicable law.").

7. This court's jurisdiction is not deprived under INA § 242, 8 U.S.C. § 1252. INA § 242(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of various forms of relief from removal," or (ii) "any other decision or action…the authority for which is specified…to be in the discretion of the Attorney General or the Secretary of Homeland Security." Because issuing a decision on a DS-260, Immigrant Visa Application is neither a judgment regarding the grant of relief from removal nor a decision or action that is specified to be in the sole discretion of the Attorney

General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim. *See Kashkool v. Chertoff*, 553 F. Supp. 2d 1131, 1136-1139 (D. Ariz. 2008) ("Numerous district courts…which have addressed this specific issue overwhelmingly conclude that…the pace at which USCIS processes…applications is nondiscretionary and that 8 U.S.C. § 242(a)(2)(B)(ii) does not bar judicial review."); s*ee also Liu v. Novak*, 509 F. Supp. 2d 1, 4-7 (D.D.C. 2007). Through this complaint, Plaintiff is not challenging a decision on her application as no decision has yet been made. Rather, Plaintiff seeks an order compelling Defendants to take action and render a decision. The relief sought is not discretionary but is, by definition, a mandatory duty. *See Matter of Sealed Case*, 1512 F.3d 1059, 1063 (D.C. Cir. 1998); *see also First Federal Savings and Loan Association of Durham v. Baker*, 860 F.2d 135, 138 (4th Cir. 1998).

8. The APA also requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) (providing that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it"). If the agency fails to render a decision within a reasonable time, the Court has authority under 5 U.S.C. § 706(1) to compel the agency to do so. 5 U.S.C. §706(1) (conferring power on the U.S. District Courts to compel agencies to perform "action unlawfully

or unreasonably delayed"). As set forth below, the delay of more than a year in rendering a decision on Plaintiff's application is unreasonable.

9. Finally, the Court has jurisdiction over the present action pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act, to declare Defendants' failure to act on Plaintiff's DS-260, Immigrant Visa Application to be arbitrary and capricious, unconstitutional, and a violation of the INA, the federal regulations, and the APA. *See Accardi v. Shaughnessy,* 347 U.S. 260 (1954); *Peoples v. U.S. Dep't of Agric.,* 427 F.2d 561, 565 (D.C. Cir. 1970). *See also* 5 U.S.C §§ 555(b), 706(1), 706(2).

### III.   <u>VENUE</u>

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e), because this is an action against officers and agencies of the United States in their official capacities, brought in the district where a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred.

11. Defendant Michael R. Pompeo is sued in his official capacity as Secretary of State of the United State Department of State, a United States federal agency and resident in this district.

12. Defendant Kenneth T. Cuccinelli is sued in his official capacity as Acting Director of United States Citizenship and Immigration Services ("USCIS") a United States federal agency and resident in this district.

13. Defendant Kevin K. McAleenan is sued in his official capacity as Acting Secretary of the United States Department of Homeland

Security ("DHS"), a United States federal agency and resident in this district.

14. Defendant Jim Levy is sued in his official capacity as American Counsel General of the United States Consulate General Guangzhou, a United States federal agency under DHS, a resident in this district.

15. Because national policy concerning adjudication of applications for immigration benefits – including consular processing – is formulated by the DHS and implemented by USCIS, venue is proper in this district.

16. Moreover, at this time all immigrant visas are ultimately adjudicated at Defendants' offices, which are predominately located in Washington, D.C. Thus, a substantial part of the events or omissions giving rise to the claim have occurred or will occur in this judicial district.

17. Therefore, venue is proper in this district pursuant to 28 U.S.C. § 1391(e).


## IV.    PARTIES

18.  Plaintiff FANG MA is a citizen of China who resides in Beijing, China. Plaintiff is the Applicant on the DS-260, Immigrant Visa Application filed with the National Visa Center on September 30, 2015.

19. Defendant MICHAEL R.POMPEO is the Secretary of State of the United States Department of State. This suit is brought against Secretary Pompeo in his official capacity, as he is the senior official of the Department of State which plays an integral role in the immigrant

visa application and adjudication process. Secretary Pompeo is additionally responsible for the administration of the Immigration and Nationality Act as it relates to consular officers pursuant to 8 U.S.C. § 1104. His rulings on matters of law are binding on consular officers. *See* 22 C.F.R. § 41.121(d); *see also* 22 C.F.R. § 42.81(d).

20. Defendant KENNETH T. CUCCINELLI is the Acting Director of the U.S. Citizenship and Immigration Services. This suit is brought against Director Cuccinelli in his official capacity, as USCIS is the component of the Department of Homeland Security responsible for, *inter alia*, adjudicating immigrant visa petitions filed on behalf of foreign nationals seeking to immigrate to the United States. USCIS plays an integral role in the immigrant visa application and adjudication process.

21. Defendant KEVIN K. MCALEENAN is the Acting Secretary of the US. Department of Homeland Security. This suit is brought against Acting Secretary McAleenan in his official capacity, as he is charged with overseeing the actions of DHS, including determinations on DS-260, Immigrant Visa Application. The Department of Homeland Security is an agency of the United States Government responsible for implementing and enforcing the INA.

22. Defendant JIM LEVY is the American Consul General for the U.S. Consulate General Guangzhou, the office adjudicating the Plaintiff's DS-260, Immigrant Visa Application under the authority of the U.S. Department of State. This suit is brought against Consul General Levy

in his official capacity, as the consul plays an integral role in the immigrant visa application and adjudication process and is required by law to make a final decision on all visa applications. *See* 22 C.F.R. § 42.81(a).

## V.   FACTS AND PROCEDURAL HISTORY

### A.   The EB-5 Immigrant Investor Program

23. Through passage of the Immigration Act of 1990, Congress created the USCIS Immigrant Investor Program, also known as the Employment-Based Fifth Preference ("EB-5") Program. Pub. L. No. 101-649, § 121(a), 104 Stat. 4978, 4989-90 (1990) (codified at INA § 203(b)(5), 8 U.S.C. § 1153(b)(5)). The EB-5 Program's purpose is to stimulate the U.S. economy through job creation and capital investment by foreign investors. Under the EB-5 Program, foreign investors have the opportunity to obtain U.S. lawful permanent resident status for themselves, their spouses, and their minor unmarried children by making a certain level of capital investment and associated job creation or preservation in the United States. In 1993, Congress announced a related pilot program – now known simply as the "Immigrant Investor Program" – that introduced the concept of the "regional center." Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act of 1993. Pub. L. No. 102-395, § 610, 106 Stat. 1828, 1874 (1992). Regional centers were designed to

pool investor money in a defined industry and promote economic growth in a specific geographic area.

24. The regional center model within the Immigrant Investor Program offers an immigrant investor already-defined investment opportunities, thereby reducing his or her responsibility to identify acceptable investment vehicles. Either U.S. citizens or foreign nationals can operate regional centers, which can be any economic unit, public or private, that is engaged in the promotion of economic growth, improved regional productivity, job creation, or increased domestic capital investment. As of October 5, 2015, USCIS reports that it has approved 745 regional centers throughout the United States. USCIS, Immigrant Investor Regional Centers Homepage, *available* at http://www.uscis.gov/working-united-states/permanent-workers/employment-based-immigration-fifth-preference-eb-5/immigrant-investor-regional-centers (last visited Jul. 24, 2019).

25. The EB-5 Program has three principal elements: (1) the immigrant's investment of capital, (2) in a new commercial enterprise, (3) that creates jobs.

26. The statute governing the EB-5 Program provides that the immigrant investor must invest at least $1,000,000 in capital in a new commercial enterprise that creates not fewer than ten jobs. 8 U.S.C. § 1153(b)(5)(C)(i). An exception exists if the immigrant investor invests his or her capital in a new commercial enterprise that is principally

doing business in, and creates jobs in, a "targeted employment area." In such cases, the immigrant investor must invest a minimum of $500,000 in capital. 8 U.S.C. § 1153(b)(5)(C)(ii); 8 C.F.R. § 204.6(f)(2).

27. The statute governing the EB-5 Program defines a "targeted employment area" as, at the time of investment, a rural area or an area that has experienced unemployment of at least 150 percent of the national average rate. 8 U.S.C. § 1153(b)(5)(B)(ii). Under 8 C.F.R. § 204.6(i), a state government may designate a geographic or political subdivision within its boundaries as a targeted employment area based on high unemployment in that area.

28. A "commercial enterprise" is defined as "any for-profit activity formed for the ongoing conduct of lawful business." 8 C.F.R. § 204.6(e). Commercial enterprises established after November 29, 1990, are considered "new" commercial enterprises for purposes of the EB-5 Program. *Id.*

29. The job-creation requirement for EB-5 participants provides that the investment must create no fewer than ten full-time jobs in the United States for authorized workers, not including the immigrant investor, his or her spouse, and any sons or daughters the investor may have. 8 U.S.C. § 1153(b)(5)(A)(ii).

30. The EB-5 investor must file a Form I-526, Immigrant Petition by Alien Entrepreneur, accompanied by the appropriate fee and evidence that the investor "invested or is actively in the process of investing lawfully

obtained capital in a new commercial enterprise in the United States which will create full-time positions for not fewer than 10 qualifying employees." *See* 8 C.F.R. § 204.6(j). *See also* 8 C.F.R. § 204.6(a).

31. If the Form I-526 is approved, USCIS forwards the approved petition to the Department of State, National Visa Center (NVC). When the priority date becomes "current" – indicating that a visa is available based on the visa category – the EB-5 investor is able to formally apply for an immigrant visa by submitting a DS-260, Immigrant Visa Electronic Application with the NVC. "Visas shall be made available…to qualified immigrants seeking to enter the United States for the purpose of engaging in a new commercial enterprise." *See* 8 U.S.C. § 1153(b)(5)(A). *See also* 22 C.F.R. § 42.32(e)(1). ("An alien shall be classifiable as a fifth preference employment-creation immigrant if the consular officer has received from DHS an approved petition in accord with such status, or official notification of such an approval, and the consular officer is satisfied that the alien is within the class described in INA 203(b)(5).").

## B.  DS-260, Immigrant Visa Application

32. The Immigrant Visa Electronic Application (Form DS-260) is an online immigrant visa application & registration form used to collect the needed application information from people seeking immigrant visas prior to scheduling their consulate interviews. *See* 22 C.F.R. § 42.63(a).

33. After completing the DS-260 application, filing supporting documentation, completing a medical examination, and paying applicable fees, the applicant is interviewed by a consular officer at the applicant's applicable U.S. embassy or consulate. *See* 22 C.F.R. § 42.65. *See also* 22 C.F.R. § 42.66.

34. Once "a visa application has been properly completed and executed before a consular officer in accordance with the provisions of the INA and its implementing regulations, the consular officer must either issue or refuse the visa under INA 212(a) or INA 221(g) or other applicable law." *See* 22 C.F.R. §42.81(a). Furthermore, once "an application has been executed, the consular officer must either issue the visa or refuse it. A consular officer cannot temporarily refuse, suspend, or hold the visa for future action. If the consular officer refuses the visa, he or she must inform the applicant of the provisions of law on which the refusal is based, and of any statutory provision under which administrative relief is available." *See* 9 FAM § 504.1-3(f),

35. The officer may require the submission of additional information or question the alien on any relevant matter whenever the officer believes that the information provided in Form DS-260 is inadequate to determine the alien's eligibility to receive an immigrant visa. The officer may also determine that a Security Advisory Opinion – known as "administrative processing" – is needed to further determine an applicant's eligibility. If administrative processing is needed, the officer

must deny the application under INA § 221(g), which is categorize by

the Foreign Affairs Manual as a "Quasi-Refusal." *See* 9 FAM 504.11-

3(B).  *See also* 22 C.F.R. § 42.81(e).

36. If an applicant is refused under INA § 221(g), the consular officer

should find that "an applicant has overcome an immigrant visa (IV)

under INA § 221(g) in two instances: when the applicant has presented

additional evidence, allowing you to re-open and re-adjudicate the case,

or when the case required additional administrative processing, which

has been completed…when the applicant returns with the document,

(the officer) should overcome the previous refusal, allowing the case to

be adjudicated." *See* 9 FAM 504.11-4(A).

37. Furthermore, in the event that a visa is refused, the application must be

reconsidered if "within one year from the date of refusal [the applicant]

adduces further evidence tending to overcome the ground of

ineligibility on which the refusal was based." *See* 22 C.F.R. § 42.81(e).

## VI.  CAUSE OF ACTION

38. Plaintiff re-alleges and incorporates by reference, as if fully set forth

herein, the allegations in paragraphs 1 – 37 above.

### A.  Plaintiff's Form I-526, Immigrant Petition by Alien Entrepreneur and DS-260, Immigrant Visa Application

39. On June 24, 2014, Plaintiff filed her Form I-526 Petition pursuant to

her $500,000 investment in a U.S. company located in a high

unemployment area.

40. On July 1, 2015, Plaintiff received approval of her Form I-526 Petition, Immigrant Petition by Alien Entrepreneur.

41. On September 30, 2015, Plaintiff submitted her DS-260, Immigrant Visa Application along with her required civil documents, filing fees, and medical examination.

42. On October 10, 2017, Plaintiff was interviewed by the Guangzhou consulate and received a quasi-visa refusal under INA § 221(g) requesting further documentation and informing the Plaintiff that her application was under administrative processing.

43. On October 26, 2017, Plaintiff responded to the request from the quasi-visa refusal and provided additional evidence.

44. From June 15, 2018 to May 24, 2019, Plaintiff contacted the Consulate General Guangzhou by e-mail on five separate occasions and was informed the her DS-260, Immigrant Visa Application remained under administrative review.  No additional evidence was requested.

45. To date, Plaintiff's DS-260, Immigrant Visa Application has been pending more than 20 months, which is a full year beyond Congress's preferred 180-day adjudication timeline for immigrant applications. *See* 8 U.S.C. § 1571 ("It is the sense of Congress that the processing of an immigration benefit application should be completed no later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under section 1184(c) of this title should be processed not later than 30 days after the filing of the petition.").  *See*

*also* 22 C.F.R. § 42.81(e) ("If a visa is refused, and the applicant within one year from the date of refusal adduces further evidence tending to overcome the ground of ineligibility on which the refusal was based, the case shall be reconsidered.").

46. Plaintiff has submitted multiple inquiries to relevant USCIS authorities, but Defendants have offered no explanation for their persistent delay and no indication whether a decision on the application is imminent.

47. Plaintiff is understandably eager to receive a decision on her DS-260, Immigrant Visa Application. The delay in adjudication impacts Plaintiff's ability to immigrate to the United States, delays the commencement of her statutorily mandated two-year conditional permanent residence period and postpones the date on which she will be eligible to apply for naturalization to become a U.S. citizen. *See* 8 U.S.C. § 1186b.

48. Furthermore, Plaintiff is unable to become eligible to withdraw her $500,000 capital investment, which must remain with the new commercial enterprise, until the conclusion of her two-year conditional permanent residence. *See* 8 U.S.C. § 1186b. *See also* 6 USCIS – PM G.5(A)(3). The delay in adjudication has additionally caused undue economic hardship to Petitioner, who is a business owner in China and has needed to delay making vital business decisions while waiting for her application to be adjudicated. The unreasonable delay in adjudication has cost the Petitioner business opportunities as her

immigration future remains uncertain well beyond the reasonable processing time needed for adjudication.

49. Despite having paid all applicable fees, maintained a $500,000 investment pursuant to the EB-5 program, and completed all the administrative steps necessary to receive her visa, Petitioner still has not received adjudication of her DS-260, Immigrant Visa Application. Defendants' failure to act has exacted significant financial and emotional stresses that Plaintiff will continue to endure until the adjudication of her immigrant visa application, as required by law.

50. Consequently, Plaintiff seeks to compel Defendants to make a decision on her long-pending DS-260, Immigrant Visa Application without further unreasonable delay. The relief sought is not discretionary, but mandatory. *See* 8 U.S.C. § 1153(b)(5)(A) ("Visas *shall* be made available…to qualified immigrants seeking to enter the United States for the purpose of engaging in a new commercial enterprise (including a limited partnership…") (emphasis added); *see also Northern States Power Co., v. U.S. Department of Energy*, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to government defendant "from excusing its own delay" in complying with a clear statutory obligation). Plaintiff does not have alternative means to obtain a decision on her petition and her right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp., v. Mayacamas Corp.* 485 U.S. 271, 289 (1988); *see also Matter of Sealed Case*, 151 F.3d at 1063 (holding that

mandamus is an appropriate remedy whenever a party demonstrates a
clear right to have an action performed by a government official who
refuses to act and that no other adequate means to attain the relief
exist).

51. Plaintiff has met all filing requirements for her DS-260, Immigrant Visa
Application. She filed her application, paid the appropriate fees, and
provided additional documentation requested by the consulate in a
timely manner. Nonetheless, due to the continued delay of Defendants,
Plaintiff has been waiting more than 20 months and counting for a
decision on her application. Such an unreasonable and unexplained
delay should be promptly remedied by this Court.

52. As all administrative remedies have now been exhausted and Plaintiff is
suffering continued harm due to Defendants' persistent delay, there
exists no other adequate remedy than the filing of this mandamus
complaint. Accordingly, Plaintiff respectfully urges this Court to
assume jurisdiction and compel Defendants and those acting under
them to render a decision on her DS-260, Immigrant Visa Application.

## VII.   CLAIMS

53. A mandamus plaintiff must demonstrate that: (i) he or she has a clear
right to the relief requested; (ii) the defendant has a clear duty to
perform the act in question; and (iii) no other adequate remedy is
available. *Iddir v. INS,* 301 F.3d 492, 499 (7th Cir. 2002); *see also*

*Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 113 (D.D.C. 2005).
Plaintiff meets these criteria.

54. First, Plaintiff has a clear right to the relief requested, as she has fully
complied with all the statutory and regulatory requirements for filing a
DS-260, Immigrant Visa Application, including the submission of all
necessary initial documents and the payment of all required fees.
Defendants have willfully and unreasonably failed to make a decision
or provide any information about the status of the petition other than
that it remains in administrative processing. Defendants are required by
regulation to make a decision on Plaintiff's application. *See* 22 C.F.R. §
42.81(a) ("[o]nce an application has been executed, the consular officer
must either issue the visa or refuse it. A consular officer cannot
temporarily refuse, suspend or hold the visa for further action.").
Moreover, pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due
regard for the convenience and necessity of the parties or their
representatives and *within a reasonable time*, each agency shall proceed
to conclude a matter presented to it." (Emphasis added).

55. Second, Defendants have a clear duty to act upon and make a decision
on Plaintiff's DS-260, Immigrant Visa Application. This duty is owed
under the INA and the federal regulations and, by charging a filing fee,
Defendants created an obligation to adjudicate Plaintiff's immigrant
visa application.  *See* 22 C.F.R. § 42.81(a). ("When a visa application
has been properly completed and executed before a consular officer in

accordance with the provisions of the INA and the implementing
regulations, the consular officer must issue the visa, refuse the visa
under INA 212(a) or 221(g) or other applicable law or, pursuant to an
outstanding order under INA 243(d), discontinue granting the visa.");
*Manhohanjit Singh v. Still*, 470 F. Supp. 2d 1064, 1067 (N.D. Cal.
2007) (noting that regulations reflect a nondiscretionary duty to process
applications for immigration benefits).

56. Although there is no statutory deadline for rendering a decision on a
DS-260, Immigrant Visa Application, there is a nondiscretionary duty
to take such action within a reasonable period of time. *See* 5 U.S.C. §§
555(b), 706(1). Defendants have failed to perform this duty.

57. Third, the Court should compel Defendants to issue a decision on
Plaintiff's long-pending petition because no other adequate remedy is
available to Plaintiff. Defendants have inexplicably and unreasonably
failed to perform their clear duty to act. Despite Plaintiff's filing of all
necessary documentation, payment of all required fees, and submission
of inquiries, no decision or explanation for the continued delay has
been issued. Plaintiff has now exhausted all administrative remedies
and mandamus action is appropriate. 28 U.S. C.  1361; 28 U.S.C. §
1331.

58. Mandamus action is also appropriate because Defendants have failed to
act within a reasonable time. *See, e.g., Liu*, 509 F. Supp. 2d at 8-9
(holding that the APA requires the government to act within a

reasonable period of time); *Saleem v. Keisler*, 520 F. Supp. 2d 1048, 1055 (W.D. Wis. 2007).

59. Generally, in determining what is "unreasonable," courts may look at a variety of factors, including any Congressional guidance on what is considered to be reasonable, internal operating procedures established by the agency, processing times in similar cases, the source of the delay, and the facts of the particular case. *See TRAC v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984). A court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." *Saleem*, 520 F. Supp. 2d at 1058-59. The delay in making a decision on Plaintiff's petition extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571. Considering all of these factors, Defendants' delay is plainly unreasonable.

60. As Defendants have failed to carry out their mandatory duty to make a decision on Plaintiff's DS-260, Immigrant Visa Application, and have unreasonably delayed action for more than 20 months without stated justification, and as Plaintiff has exhausted all available administrative remedies, this Court should instruct Defendants to make a decision on Plaintiff's petition without further unreasonable delay. *See* 28 U.S.C. §§ 1331, 1361; 5 U.S.C. §§ 555(b), 706(1).

61. Defendants' delay is without justification and has forced Plaintiff to resort to this Court for relief, and Plaintiff is entitled to attorney's fees

pursuant to the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(2).

## VIII.   **PRAYER**

WHEREFORE, Plaintiff prays that this Court:

1. Compel Defendants and those acting under them to perform their duty to render a decision on Plaintiff's DS-260, Immigrant Visa Application without further delay through the issuance of a writ of and a temporary, preliminary, and permanent injunction directing Defendants to effectuate the issuance of Plaintiff's visa within fourteen (14) days of the issuance of the writ;

2. Issue an order and a temporary, preliminary, and permanent injunction pursuant to the APA, 5 U.S.C. § 706(1), directing Defendants to effectuate the issuance of Plaintiff's visas within fourteen (14) days of the issuance of the order;

3. Enter a declaratory judgment that Defendants' unreasonable delay violates the INA, federal regulations, and the APA, and that such delay is arbitrary and capricious;

4. Grant reasonable attorney's fees and costs to Plaintiff under the Equal Access to Justice Act; and

5. Grant such other and further relief as this Court deems appropriate under the circumstances.

Respectfully submitted this 13th day of August 2019.

*By counsel,*

*s/Michael E. Piston*
Michael E. Piston (MI002)
*Counsel for Plaintiff*
225 Broadway Suite 307
New York, NY 10007
646-845-9895